THE CO-OPERATORS INSURANCE COMPANY, Appel-lant, *v.* ALLSTATE RENT-A-CAR, Respondent.

No. 21105

February 1, 1991          804 P.2d 1050

*James E. Smith,* Las Vegas, for Appellant.

*Thompson & Harper,* Las Vegas, for Respondent.

---

# OPINION

*Per Curiam:*

The driver of an Allstate Rent-A-Car (Allstate) rental car negligently caused an accident which injured two other people. Two insurance policies applied to compensate the injured people: (1) Allstate's self-insurance policy, and (2) the driver's personal policy issued by The Co-operators Insurance Company (Co-operators). The issue presented on appeal is which of the two insurers is primarily liable.

## Facts

On March 13, 1989, Betty J. Roe rented a car from Allstate. Ms. Roe did not purchase the full collision damage waiver or the personal accident coverage Allstate offered. While driving the rental car, Ms. Roe failed to yield the right-of-way, causing an accident with two other cars. The injured parties demanded payment for personal injuries sustained.

At the time of the accident, two insurance policies covered the car. Allstate insured the rental car, as required by NRS 482.295.[1] Ms. Roe was also insured under her automobile policy issued by Co-operators. This policy covers "any automobile . . . while personally driven by the insured."

On December 29, 1989, Co-operators filed a motion for summary judgment, arguing that Allstate's policy was primary and should cover all costs resulting from the accident. Allstate filed

---

[1]NRS 482.295 Registration by short-term lessor: Proof of financial responsibility or qualification as a self-insurer. The department shall not register a vehicle intended to be leased by a short-term lessor until the owner demonstrates to the department his financial ability to respond to damages by:

    1. Providing proof of financial responsibility as that term is defined in NRS 485.105; or

    2. Qualifying as a self-insurer pursuant to NRS 485.380.

an opposition and counter-motion for summary judgment, requesting that the court declare it (Allstate) only secondarily liable. The district court found Co-operators primarily liable and granted Allstate's motion.

## Discussion

Co-operators argues that (1) NRS 482.295 implies that the rental company's coverage is primary, (2) Ms. Roe's insurance should be secondary because her rates may increase, and (3) rental companies benefit from advertising that their cars are insured.

Allstate contends that NRS 690B.025 provides that the driver's personal insurance is primary.[2] Allstate also argues that Ms. Roe agreed that her personal coverage would be the primary insurance; part of Ms. Roe's rental contract stated:

> Customer represents and warrants that customer has a policy of automobile liability insurance in effect, . . . which insurance shall provide primary liability insurance coverage. . . . Lessor agrees it has complied with NRS Section 482.295 to evidence its ability to respond for damages. Lessor's duty to respond shall only be for liability in excess of that covered by the customer's liability coverage.

NRS 482.295, requiring rental car companies to insure their vehicles, is silent as to whether a car rental company's insurance is primary or secondary coverage. NRS 690B.025 does not discuss car rental agencies, and a lessor or rental agency is not among the types of businesses listed in the statute. Therefore, neither statute applies to this situation.

Absent legislative directive, we must look to the individual policies in question. Where one policy explicitly defines its

---

[2]NRS 690B.025 states in pertinent part:

Primary and excess coverage; garageman required to post notice.

1. If two or more policies of liability insurance covering the same motor vehicle are in effect when the motor vehicle is involved in an incident which results in a claim against the policies:

(a) If the motor vehicle was being operated by a person engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing motor vehicles, or by his agent or employee while in the pursuit of that business, the policy issued to that business shall be deemed to be primary and any other policy shall be deemed to provide excess coverage.

2. The provisions in subsection 1 may be modified but only by a written agreement signed by all insurers who have issued policies applicable to a claim described in subsection 1 and by all insureds under those policies.

liability, and the other does not, the policy with the more specific language controls. Allstate's rental contract has an express insurance clause which provides that Ms. Roe's personal insurance is primary. Ms. Roe's insurance policy does not have a comparable clause. Therefore, Allstate's clause controls, and Ms. Roe's personal insurer, Co-operators, is primarily liable.

### Conclusion

We affirm the district court's granting of summary judgment in favor of Allstate. Because neither NRS 482.295, nor NRS 690B.025 applies, we look to the language of the policies themselves. Since Allstate's policy limits liability to excess coverage and Co-operators does not, Allstate's obligations fall secondary to that of Co-operators.